1 | STEPHEN YAGMAN (Cal. SBN 69737)
filing@yagmanlaw.net
2 | YAGMAN + REICHMANN, LLP
333 Washington Boulevard
3 | Venice Beach, California 90292-5152
(310) 452-3200
4 |

5 | Attorneys for Defendant, Glenn Brooks,
*Pro Hac Vice*[1]

6 |

7 | **COURTESY COPY**
**FOR JUDGE**
8 |

9 | **UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**
10 |

| UNITED STATES OF AMERICA, | 1:21-cr-00503-RCL |
|---|---|
| Plaintiff, | **MOTION TO APPEAR *PRO HAC VICE* AND FOR CHANGE OF VENUE** |
| v. | |
| **GLENN BROOKS**, | |
| Defendant. | Judge Royce C. Lamberth |

### MOTION TO APPEAR *PRO HAC VICE*

Attorney Stephen Yagman, a member of the California Bar requests that he be permitted to appear *pro hac vice*, for the limited purpose of submitting the following motion for a change of venue.

### MOTION FOR CHANGE OF VENUE

Procedurally, Rule 18, Fed. R. Crim. P., provides that "the *government must* prosecute an offense in a district where the offense was committed." (Emphasis added.)  Also, it provides that "[t]he court must set the place of trial within the district *with due regard for the convenience of the defendant*, any victim, and the

---

[1] Only limited to the extent of making a motion to change venue and, if it granted, to represent defendant in the U.S. District Court for the Central District of California.

1

1  witnesses, and the prompt administration of justice." (Emphasis added.) *Cf.* 28

2  U.S.C. §§ 1393, 1441 ("All prosecutions for crimes or offenses shall be had within

3  the division of such districts where the same were committed, unless the court, or

4  the judge thereof, *upon application of the defendant*, shall order the cause to be

5  transferred for prosecution to another division of the district.").

6        Rights to trial by an impartial jury of the state and the district where crime

7  was committed may be waived; however, waiver must be voluntary, that is, made

8  with knowledge of right, through free exercise of un-coerced will and by conduct

9  or action known to accused which evidences intent to waive, *U.S. v. Marcello*, 423

10  F.2d 993 (5th Cir. 1970), *cert. denied*, 398 U.S. 959, *reh'g denied*, 399 U.S. 938,

11  and an accused may consent to waive his right to a trial in a certain area. *Hanson*

12  *v. U.S.*, 285 F.2d 17 (9th Cir. 1960). *See also, United States v. Angotti*, 105 F.3d

13  539, 541-42 (9th Cir. 1997). Making a motion to change venue constitutes a

14  waiver to trial by jury in a state and district where a crime allegedly was

15  committed. *Marcello.*

16        The United States Supreme Court at various times has expounded on the

17  importance of prosecuting cases near the criminal defendant's home. *See, e.g.,*

18  *United States v. Cores*, 356 U.S. 405 (1958); *Hyde v. Shine*, 199 U.S. 62 (1905).

19        "Article III of the Constitution requires that '[t]he Trial of all Crimes ...

20  shall be held in the State where the said Crimes shall have been committed.'

21   *United States v. Rodriguez-Moreno*, 526 U.S. 275, 278 (1999) (alterations in

22  original) (quoting U.S. Const. art. III, § 2, cl. 3); *see also United States v.*

23  *Lukashov*, 694 F.3d 1107, 1119-20 (9th Cir. 2012) (exploring the interests

24  underlying venue and noting that it is "a question of fact that the government must

25  prove by a preponderance of the evidence"). Thus, the government may bear the

26  burden of proving venue, but it has no rights with respect to venue, because those

27  rights belong to the defendant.

28

1    "Proper venue is not a mere technicality. Instead, a defendant in a criminal

2  case has a constitutional right to be tried in a district where the crime was

3  committed. U.S. Const. art. III, § 2, cl. 3 ("The Trial of all Crimes ... shall be held

4  in the State where the said Crimes shall have been committed."); *id.* amend. VI

5  ("In all criminal prosecutions, the accused shall enjoy the right to a speedy and

6  public trial, by an impartial jury of the State and district wherein the crime shall

7  have been committed...."). This constitutional requirement is also implemented

8  explicitly in the Federal Rules of Criminal Procedure. *See* Fed. R. Crim. P.

9  18 ("Unless a statute or these rules permit otherwise, the government must

10  prosecute an offense in a district where the offense was committed.")."

11  *United States v. Lukashov*, 649 F.3d 1107, 1119 (9th Cir. 2010).

12      It is pellucid that place-of-crime-commission venue is a right that belongs

13  solely to a criminal defendant, and not to the government.

14      Also pellucid is the legal fact that a criminal defendant may knowingly and

15  voluntarily waive his right to place-of-commission venue, by making a motion for

16  change of venue, which constitutes such a waiver. *Marcello, supra.*

17      Defendant also has a constitutional right to be tried in the district where the

18  crime allegedly was committed, U.S. Const., art. III, § 2, cl. 3; *id.* amend. VI ("In

19  all criminal prosecutions, the accused shall enjoy the right to a speedy and public

20  trial, by an impartial jury of the State and district wherein the crime shall have

21  been committed . . . ."). This right is implemented by Rule 18.

22      Here, defendant also the right to and has waived *his* right to a place-of-

23  commission venue, in favor of a change of venue to his place of residence, in

24  Orange County, California.  The government has no rights of which defendant

25  knows, with respect to venue in this matter.

26      Defendant knows of no percipient witnesses who do not reside in or are

27  employed in Orange County, so that defendant and all witnesses, with "due regard

28

1  for the convenience of the defendant [and of the witnesses], the prompt

2  administration of justice," Rule 18, *supra*, warrant this court exercising its

3  discretion to transfer venue of this action, with the same Judge presiding, to the

4  United States District Court for the Central District of California, Southern

5  Division, in Santa Ana, California, and, if not, to the Western Division, in Los

6  Angeles.

7      Mr. Yagman should be admitted *pro hac vice* for the purpose of presenting

8  the change of venue motion, and if it were to be granted, then to represent Mr.

9  Brooks at trial in the Central District of California.[2]

10                          Respectfully submitted,
11                     **YAGMAN + REICHMANN, LLP**
12            By: _____
13                     **STEPHEN YAGMAN**

14

15

16

17

18

19

20

21

22

23

24

25

26

___

27 [2] It is counsel's understanding that this may be accomplished by the District Judge
28 making application to the Chief Justice of the United States, as previously set forth
in counsel's Oct. 29, 2021 letter to the court.

1

**CERTIFICATE OF SERVICE**

2    On November 3, 3021, I certify under penalty of perjury, pursuant to 28 U.S.C. §

3    1746, that I served the foregoing motion on all interested parties by emailing it to

4    them, as follows:

5    Laura Hill, AUSA
     Plaintiff's Attorney
6    laura.e.hill@usdoj.gov

7

8    Jonathan Ogata
     Defendant's Attorney
9    jonathan_ogata@fd.org

10

11

12    By: _____
                STEPHEN YAGMAN

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

5