UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | No. 21-CR-503 (RCL) |
| | : | |
| GLENN BROOKS, | : | |
| | : | |
| Defendant. | : | |

UNITED STATES' OPPOSITION TO DEFENDANT
GLENN BROOKS' MOTION FOR CHANGE OF VENUE

Defendant Glenn Brooks ("the defendant") has failed to meet his heavy burden in requesting that the case be transferred for the convenience of the parties, any victim, and the witnesses, and in the interest of justice, as required by Rule 21(b) of the Federal Rules of Criminal Procedure. The United States Supreme Court has put forward a ten-factor, non-exhaustive test for courts to consider in deciding whether to grant a change of venue motion. *Platt v. Minn. Mining & Mfg. Co.*, 376 U.S. 240, 243-44 (1964). Although the defendant ignores this ten-factor test in his motion, the defendant appears to meet two of the factors—that he and his counsel do not live in Washington, D.C. The remaining factors favor retaining venue in the District of Columbia. This Court has held that if the factors "are equally balanced a court should deny a motion to transfer." *United States v. Bowdoin*, 770 F. Supp. 2d 133, 137 (D.D.C. 2011) (Collyer, J.). Here, the factors are not equally balanced and, instead, weigh in favor of denying the motion. Thus, the Court should deny the defendant's motion.

BACKGROUND

Individuals from all over the country traveled to Washington, D.C. for the events of January 6, 2021. On that date, as a Joint Session of the United States House of Representatives and the United States Senate convened to certify the vote of the Electoral College of the 2020 U.S.

Presidential Election, a large crowd gathered outside the building and, ultimately, forced entry into the U.S. Capitol. These rioters entered the U.S. Capitol without authority to be there. Some engaged in property destruction and violent acts against law enforcement officers. As a result of these acts, the Joint Session and the entire official proceeding of the Congress was halted until law enforcement was able to clear the Capitol of the hundreds of unlawful occupants and ensure the safety of the elected officials.

Defendant Glenn Brooks was one of the individuals who participated in the attack on January 6, 2021, by unlawfully entering the U.S. Capitol building. He traveled to the District of Columbia from his home in California and committed federal crimes in the District. Specifically, on January 6, 2021, Defendant unlawfully entered the U.S. Capitol building through a broken window near the Senate Wing Door. While inside the Capitol building, the defendant took photographs, including a photograph of himself inside the building. Approximately 17 minutes after entering the building through the broken window, defendant exited the building. After, he was arrested and charged by Information with Entering and Remaining in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(1); Disorderly and Disruptive Conduct in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(2); Disorderly Conduct in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(D); and Parading, Demonstrating, or Picketing in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(G). *See* Dkt. 6.

Defendant now argues that this matter should be transferred to the U.S. District Court for the Central District of California and, in his three-and-a-half-page motion, appears to put forward several different arguments, including the following: the government "has no right with respect to venue, because those rights belong to the defendant," Mot. at 2; the United States Supreme Court "has expounded on the importance of prosecuting cases near the criminal defendant's home," Mot.

at 2; and "Defendant knows of no percipient witnesses who do not reside in or are employed in Orange County," Mot. at 3. Although not mentioned in the defendant's motion, in a letter to the Court dated October 29, 2021, Mr. Stephen Yagman, the signatory of the defendant's motion for change of venue, also states that he intends to represent Mr. Brooks but is only able to do so if the case is transferred to the Central District of California due to counsel's concerns with the ongoing COVID pandemic. *See* Dkt. 19, Atch. 1.

## LEGAL FRAMEWORK

The United States Constitution provides that "[t]he trial of all Crimes . . . shall be held in the State where the said Crimes shall have been committed," Art. III, § 2, cl. 3, before a "jury of the State and district wherein the crime shall have been committed," Amend. VI. These provisions give rise to "a general presumption that a criminal prosecution should be retained in the original district." *Bowdoin,* 770 F. Supp. 2d at 138. In this vein, courts have consistently held that defendants in criminal cases are not entitled to a trial in their home districts. See, *e.g.*, *Platt*, 376 U.S. at 245; *Bowdoin*, 770 F. Supp. 2d at 138; *U.S. v. Quinn*, 401 F. Supp. 2d 80, 86-87 (D.D.C. 2005) (Bates, J.).

Although the Constitution sets forth this presumption, defendant may move the Court to transfer venue for prejudice, under Federal Rule of Criminal Procedure Rule 21(a), or—as the defendant argues here—for convenience, under Federal Rule of Criminal Procedure Rule 21(b). Rule 21(b) provides, "Upon the defendant's motion the court *may* transfer the proceedings, or one or more counts, against that defendant to another district for the convenience of the parties, any victim, and the witnesses, and in the interest of justice." Fed. R. Crim. P. 21(b) (emphasis added).

The United States Supreme Court has set forth a list of ten factors that should be considered by a court in deciding whether to transfer a case under Rule 21(b):

> (1) Location of the [the] . . . defendant; (2) location of possible witnesses; (3) location of events likely to be in issue; (4) location of documents and records likely to be involved; (5) disruption of defendant's business unless the case is transferred; (6) expense to the parties; (7) location of counsel; (8) relative accessibility of [the] place of trial; (9) docket condition of each district or division involved; and (10) any other special elements which might affect the transfer.

*Platt*, 376 U.S. at 243-44; *see also Quinn*, 401 F. Supp. 2d at 85. The United States District Court for the District of Columbia has held that none of these factors is dispositive and that courts may decide which factors are most significant for the case at issue. *See Bowdoin*, 770 F. Supp. 2d. at 137 (citing *Quinn*, 401 F. Supp. 2d at 85). This Court has also held that if the factors are equally balanced, a motion to change venue should be denied. *See United States v. Shantia Hassanshahi*, No. 13-0274, 2015 WL 7307079, *2 (Nov. 19, 2015) (Contreras, J.).

The defendant bears the burden of establishing his entitlement to a transfer of venue. *See, e.g., In re United States*, 273 F.3d 380, 388 (3d Cir. 2001) ("the courts have held that the criminal defendant has the burden of making the case for transfer" under Rule 21(b)). To meet this burden, the defendant is required to prove that "all relevant things considered, the case would be better off transferred to another district." *Id*. (citing *In re Balsimo*, 68 F.3d 185, 187 (7th Cir. 1995)). Courts typically look to supporting documentation, such as "names and addresses of witnesses whom the moving party plans to call, . . . affidavits showing the materiality of the matter to which these witnesses will testify, statements by the moving part[y] of the business difficulties or personal hardships that might result from. . . having to defend against the suit in the district court where it was originally brought, affidavits concerning the relative ease of access to sources of documentary evidence, and other materials where appropriate." *Id*. (quoting *Plum Tree, Inc. v. Stockment*, 488 F.2d 754, 757 n.2 (3d Cir. 1973)).

# ARGUMENT

The defendant's motion should be denied, because, when weighing the *Platt* factors, defendant has failed to prove that trial in the District of Columbia "would be so unduly burdensome that fairness require the transfer to another district of proper venue where a trial would be less burdensome." *Baltimore & Ohio R.R.*, 538 F. Supp. 200, 205 (D.D.C. 1982) (Parker, J.) (quoting *United States v. U.S. Steel Corp*, 233 F. Supp. 154, 157 (S.D.N.Y. 1964)).

In *Pratt*, the Supreme Court set forth ten non-exhaustive factors for courts to examine when considering a motion to transfer venue under Rule 21(b):

> (1) Location of the [the] . . . defendant; (2) location of possible witnesses; (3) location of events likely to be in issue; (4) location of documents and records likely to be involved; (5) disruption of defendant's business unless the case is transferred; (6) expense to the parties; (7) location of counsel; (8) relative accessibility of [the] place of trial; (9) docket condition of each district or division involved; and (10) any other special elements which might affect the transfer.

While defendant and his counsel are in California, nearly every other *Platt* factor favors denying a motion to transfer. For instance, with respect to the location of possible witnesses, the defendant alleges that he "knows of no percipient witnesses who do not reside in or are employed in Orange County." Mot. at 3. But the defendant has failed to provide any "names and addresses of witnesses whom the moving party plans to call" or "affidavits showing the materiality of the matter to which these witnesses will testify," *In re U.S.*, 273 F.3d at 386 (quoting *Plum Tree*, 488 F.2d at 757 n.2). Also, the government will likely call several law enforcement officers as witnesses at trial, and while the identity of these law enforcement officers is currently unknown, it is near certain that most of these officers will reside in or near Washington, D.C.

Also, the events at issue occurred in Washington, D.C. On January 6, 2021, Defendant unlawfully entered the U.S. Capitol building by climbing through a broken

window on the west side of the Capitol building. While inside the building, the defendant took photographs, including a photograph of himself inside the building. Defendant exited the building about 17 minutes after entering.

In addition, the defendant has not raised any issues about disruption to his employment, expenses, or the relative accessibility of Washington, D.C. for the trial. In fact, although the Court has offered to conduct hearings via Zoom, the defendant has chosen to travel to Washington, D.C. for the only two hearings that have occurred thus far in this matter. Defendant also traveled to Washington, D.C. on January 6, 2021, to participate in the crimes at issue. So it appears travel to Washington, D.C. does not present any employment, expense, or accessibility issues for the defendant.

Finally, Mr. Yagman has stated that if the defendant's motion is denied he will be unable to represent the defendant because of travel restrictions due to the ongoing pandemic. *See* Dkt. 19, Atch. 1. While this is an unfortunate situation, the defendant may choose to move forward with his current counsel, or there are many defense counsel in the Washington, D.C. area should the defendant choose to retain new counsel.

## CONCLUSION

For the foregoing reasons, the Government respectfully requests that Defendant Glenn Brooks' Motion for Change of Venue be denied.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By:     */s/ Laura E. Hill*
Laura E. Hill
NV Bar No. 13894
Trial Attorney, detailed to the
District of Columbia
175 N Street, NE, 9th Floor
Washington, D.C. 20002
(202) 598-3962
Laura.E.Hill@usdoj.gov

<u>CERTIFICATE OF SERVICE</u>

On this 12th day of November, 2021, a copy of the foregoing was served on counsel of record for the defendant via the Court's Electronic Filing System.

>  /s/
> LAURA E. HILL
> Trial Attorney