STEPHEN YAGMAN (Cal. SBN 69737)
filing@yagmanlaw.net
YAGMAN + REICHMANN, LLP
333 Washington Boulevard
Venice Beach, California 90292-5152
(310) 452-3200

Attorneys for Defendant, Glenn Brooks,
*Pro Hac Vice*[1]

*Let this be filed*
*Royce C. Lamberth*
*U.S.D.J.*
*11/15/21*

RECEIVED
NOV 15 2021
CHAMBERS OF
JUDGE LAMBERTH

ORIGINAL

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| UNITED STATES OF AMERICA, | 1:21-cr-00503-RCL |
|---|---|
| Plaintiff, | **DEFENDANT'S REPLY ON HIS MOTION TO FOR CHANGE OF VENUE** |
| v. | |
| GLENN BROOKS, | |
| Defendant. | Judge Royce C. Lamberth |

---

[1] Only limited to the extent of making a motion to change venue and, if it granted, to represent defendant in the U.S. District Court for the Central District of California.

1

## MEMORANDUM OF POINTS AND AUTHORITIES

The government's opposition to defendant's change of venue motion seemingly does not object strongly, but rather seemingly perfunctorily, to a change of venue, and agrees that it is within the court's broad discretion to grant a change of venue.

According to the criteria the government admits govern the exercise of the court's discretion, a change of venue is supported by virtually all, if not all, of the 10 venue-change factors, as follows:

### The Factors

1. Location of defendant in the Central District of California, on which defendant completely prevails, favors venue change;

2. Location of possible witnesses, of whom the government speaks only very vaguely, as persons whom "the government will likely call [who are] law enforcement officers . . . [and whose] identity . . . is currently unknown, [but of whom] it is near certain that most of these officers will reside in or near Washington, D.C."  Based on what?: nothing. This is baseless nonsense and is worthy of no credence.  And how can defendant provide the names and addresses of witnesses[2] that only the government might know or, in this case, admits it does not know.  This factor clearly favors change of venue.

3. Location of events likely to be in issue is irrelevant and indeterminate, and thus is a null factor;

4. Location of documents and records is irrelevant and indeterminate and thus is a null factor;

---

[2] So far as defendant knows -- and the government expressly states that it does *not* know -- the only two witnesses are (1) an Orange County, California FBI agent, who arrested defendant in Orange County, and (2) a government informant who identified defendant from a video is the government's chief witness against defendant (and of whom the government must know, but will not say).

5. Disruption of defendant's business as a contractor, which is defendant's-residence-specific, is definite if venue is not changed, and thus favors change of venue;

6. Expense to the parties favors venue change because defendant's expense to come to and stay in Washington, D.C. for trial is relatively large for a contractor, defendant has no funds[3] with which to retain competent, zealous counsel in Washington, the expense to the government would be the same no matter where the matter is tried, the government would foot the bill of the FPD's travel to and stay in Washington, and the government would save money with pro bono counsel representing defendant, so that this factor favors venue change;

7. Location of counsel,[4] whether FPD or pro bono counsel, is in the Los Angeles area, and the AUSAs who might try the action truly are fungible, so that this factor clearly weighs in favor of venue change;

---

[3] Defendant believes it has been important for him to attend all hearings in person and that court hearings lose much when they are done on Zoom and the like, and thus he has spent his relatively meager resources to travel, at his own expense, to those hearings; defendant has much-exhausted his relatively meager resources to defend his liberty, and does not have funds to retain a good lawyer. Defendant's income, as evidenced on his 1040 federal tax returns show income at or below the poverty level for a family of his size: a spouse and seven children, three of home continue to reside in defendant's home, in Huntington Beach, Orange County, California. His work as a contractor has become sporadic, because of the negative publicity his Jan. 6 presence at the Capitol has generated. Defendant has been very fortunate to be able to get the pro bono services of a highly-experienced federal trial attorney, of which only a change of venue would accommodate.

[4] And, defendant's lead trial counsel, Mr. Yagman, would have the benefit of the assistance of a retired, federal magistrate judge, Joe Reichmann, Mr. Yagman's partner of many years, who is a U.S. Army veteran, was a state prosecutor for 10 years, was a federal criminal defense attorney for 10 years, was a law school instructor for one year, was a U.S. magistrate judge for 15 years, and has been one

8. The relative accessibility of the place of trial is a neutral, and thus, a null factor;

9. The docket condition of the two courts would appear to be a null factor, since it is contemplated that the current judge would come to California (hopefully to enjoy the warm, California sun), but defendant guesses that, with all of the Jan. 6 cases pending in Washington (about 700), the Central Dist. of California docket is in better shape, although this would appear to be a null factor;

10. The other, special elements which favor venue transfer are: the D.C. juror pool must be heavily populated by federal government employees with biases toward government and its interests, and a Southern California jury pool would be more dispassionate, and would not have livelihoods that are dependent on government income; the factors not clearly in defendant's favor do not, on the other hand, favor the government; and in California, defendant will have the benefit of highly experienced federal trial counsel, pro bono, whereas in Washington defendant would be defended by either a relatively inexperienced FPD (who has been a member of the bar for only two years), or an appointed counsel who has had and would want more such appointments, and whose zealousness therefore would be subject to question.

On balance, and ignoring null factors, the 10 criteria weigh heavily in favor of a change of venue (either with the assigned judge, or with a Central District of California judge).

Noteworthy is the legal fact that the government has no legal rights at all as to change or no change of venue, and only the defendant has rights in that regard.

The motion, therefore, ought to be granted.

//

---

of Mr. Yagman's partners for 22 years. They have tried many cases together, both state (murder) and federal criminal cases, and federal civil rights cases.

4

Respectfully submitted,

**YAGMAN + REICHMANN, LLP**

By: _____
　　　STEPHEN YAGMAN

**CERTIFICATE OF SERVICE**

On November 13, 2021, I certify under penalty of perjury, pursuant to 28 U.S.C. § 1746, that I served the foregoing motion reply on all interested parties by emailing it to them, as follows:

Laura Hill, AUSA
Plaintiff's Attorney
laura.e.hill@usdoj.gov

Jonathan Ogata
Defendant's Attorney
jonathan_ogata@fd.org

By: *(signature)*
STEPHEN YAGMAN