UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>**GLENN ALLEN BROOKS,**<br><br>*Defendant.* | Case No. 1:21-cr-503-RCL |

## MEMORANDUM OPINION AND ORDER

Defendant Glenn Allen Brooks, awaiting trial for crimes he allegedly committed on January 6, 2021, moves this Court to transfer venue to the Central District of California ("CDCA") where he resides. ECF No. 20. The government opposes his motion. ECF No. 21. Defendant replied, ECF No. 23, and this Court granted permission for the government to file a sur-reply, ECF No. 24. Attorney Stephen Yagman appears for Brooks *pro hac vice* solely for the purposes of submitting this motion. ECF No. 20. His motion is now ripe.

Defendant makes two main arguments. First, he argues that transfer is appropriate under Federal Rule of Criminal Procedure 21(b), which allows a court to transfer an action if the trial "would be so unduly burdensome that fairness requires the transfer to another district of proper venue where a trial would be less burdensome." *See* ECF No. 23 at 2. Second, defendant appears to make a prejudice argument under Federal Rule of Criminal Procedure 21(a), noting that the D.C. juror pool "must be heavily populated by federal government employees with biases toward government and its interests, and a Southern California jury pool would be more dispassionate." *Id.* at 4.

1

## I. LEGAL STANDARD

Courts presume that a criminal prosecution should remain in the original district. *United States v. Bowdoin*, 770 F. Supp. 2d 133, 137 (D.D.C. 2011). But pursuant to Rule 21(b), a court may transfer venue if it finds that trial "would be so unduly burdensome that fairness requires the transfer to another district of proper venue where a trial would be less burdensome." When considering motions to transfer under Rule 21(b), a court must refer to the ten factors from *Platt v. Minnesota Mining & Manufacturing Company*, 376 U.S. 240 (1964). *Bowdoin*, 770 F. Supp. at 137 (D.D.C. 2011). "No one of the *Platt* considerations is dispositive," and if the Platt factors come out equally balanced, a court should deny the motion. *Id.*

A court must transfer venue if "the court is satisfied that so great a prejudice against the defendant exists in the transferring district that the defendant cannot obtain a fair and impartial trial there." Fed. R. Crim. P. 21(a). It is the defendant's burden to show prejudice. *United States v. Edelin*, 76 F. Supp. 2d 1, 3 (D.D.C. 1999). But if the defendant fails to show that "a fair and impartial jury [is] completely unobtainable," transfer is not warranted under Rule 21(a). *United States v. Caldwell*, 543 F.2d 1333, 1342 (D.C. Cir. 1974).

## II. DISCUSSION

As explored below, neither Rule 21(a) nor Rule 21(b) supports transferring this action to the Central District of California. The *Platt* factors support keeping this action in the District of Columbia, so this Court will deny the motion to transfer under Rule 21(b). And defendant fails to proffer *any* evidence that a fair and impartial trial is unobtainable in the District of Columbia. Accordingly, this Court will also deny the motion to transfer under Rule 21(a).

**A. The *Platt* Factors Do Not Support Transferring Venue**

This Court will address each of the ten *Platt* factors in turn. Because the factors on balance support remaining in the District of Columbia, defendant's motion to transfer pursuant to Rule 21(b) will be denied.

*i. Location Of The Defendant*

Defendant is located in CDCA, so this factor factors the defendant. ECF No. 23 ¶ 1. Still, this is merely "a minor consideration." *United States v. Quinn*, 401 F. Supp. 2d 80, 86 (D.D.C. 2005). The significance of the location of the defendant is considered not in a vacuum. Instead, the significance derives only "from its relationship to the convenience of witnesses, records, and counsel." *Id.* at 86 (quoting *Jones v. Gasch*, 404 F.2d 1231, 1240 (D.C. Cir. 1967)).

*ii. Location Of Possible Witnesses*

The government represents that it will "likely call several law enforcement officers as witnesses at trial, and while the identity of these law enforcement officers is currently unknown, it is near certain that most of these officers will reside in or near Washington, D.C." ECF No. 21 at 5. While defendant calls this "baseless nonsense," ECF No. 23 at 2, it is unclear what is baseless about the idea that the government will call local law enforcement officers to testify about defendant's actions in the District of Columbia.

Defendant also represents that one Orange County, California Federal Bureau of Investigations agent may appear as a witness, ECF No. 23 at 2, apparently arguing that such witness would be inconvenienced by traveling. "Generally, a naked allegation that witnesses will be inconvenienced by trial in a distant forum will not suffice for transfer . . . . [T]ransfer motions must identify the inconvenienced witnesses whom defendant[ ] propose[s] to call and contain a 'showing' of the proposed witnesses' testimony." *Bowdoin*, 770 F. Supp. 2d at 139 (quoting *United States v. Haley*, 504 F. Supp. 1124, 1126 (D.C. Pa. 1981). Defendant made no such showing here,

3

and with only a "'naked allegation' that [the] witnesses will be inconvenienced" and no proffer of the "nature of their testimony," this factor cannot support transfer. *Bowdoin*, 770 F. Supp. 2d at 139. Accordingly, this factor supports keeping the action in the District of Columbia.

  *iii.* *Location Of Events Likely To Be In Issue*

This factor supports remaining in the District of Columbia. The events in this case took place at the United States Capitol on January 6, 2021.

  *iv.* *Location Of Documents And Records Likely To Be Involved*

This factor is neutral, as neither party has indicated there are significant documents and records likely to be involved.

  *v.* *Disruption Of The Defendant's Business*

Defendant alleges in his motion that his "business as a contractor" will be disrupted if venue is not changed. ECF No. 23 ¶ 5. But defendant fails to explain *how* his business as a contractor will be disrupted to the extent that it supports transferring venue. Without any support of this argument, this factor is neutral.

  *vi.* *Expense To The Parties*

"*Platt* calls for the Court to consider the expense to both parties to the case." *United States v. Hassanshahi*, No. 13-cr-0274 (RC), 2015 WL 7307079, at *4 (D.D.C. Nov. 19, 2015). It would increase expenses for defendant if he had to travel to the District of Columbia, and it increase expenses for government counsel, staff, and witnesses to travel to CDCA.

Additionally, the government persuasively argues that while defendant complains about the expense of traveling to and from Washington, D.C., he has "chosen to travel to [D.C.] for the only two hearings that have occurred in this matter" despite the Court offering to conduct hearings on Zoom. ECF No. 21 at 6. While defendant counters that "the court hearings lose much when

4

they are on Zoom," that does little to explain how his choice to travel to the District of Columbia for status conferences squares with his alleged "meager resources to travel." ECF No. 23 ¶ 6 n.3. The Court also notes that the defendant recently sought (and was granted) leave to modify the conditions of his release to travel internationally. ECF Nos. 22 & 23. Accordingly, this factor supports keeping the action in the District of Columbia.

 *vii.*   *Location Of Counsel*

Defense counsel is located in CDCA, while government counsel is located in the District of Columbia. This factor is neutral.

 *viii.*   *Relative Accessibility Of Place Of Trial*

This factor is also neutral. Both the courthouse in the District of Columbia and the courthouses in CDCA are readily accessible to parties, located in or near large cities with international airports.

 *ix.*   *Docket Conditions Of Each District*

Neither party proffers evidence about the docket conditions of the two districts. This Court will note that transfer causes "inevitable delay." *Hassanshahi*, 2015 WL 7307079, at *4. Accordingly, this factor weighs towards keeping this action in the District of Columbia.

 *x.*   *Any Other "Special Elements"*

On this factor, defendant argues that (1) the juror pool in D.C. is heavily populated by federal government employees who will be biased against him; and (2) in D.C., the defendant would be represented by either a Federal Public Defender ("FPD") or an appointed counsel in California, who would be either "relatively experienced" or of questionable "zealousness." ECF No. 23 ¶ 10. While the Court discusses these arguments more fully under its Rule 21(a) analysis below, the Court agrees with the government that defendant provides no support for his sweeping

assertions of bias or inexperience and lack of zealousness. ECF No. 24 at 3–4. Accordingly, this factor supports keeping the action in the District of Columbia.

### B. Federal Rule Of Criminal Procedure 21(a) Does Not Require This Court To Transfer Venue

This Court agrees with the government that defendant's arguments regarding the quality of counsel or the potential bias of the juror pool are better considered under Rule 21(a), which mandates venue transfer if the Court finds "so great a prejudice against the defendant exists in the transferring district that the defendant cannot obtain a fair and impartial trial there." Fed. R. Crim. P. 21(a). But neither of defendant's cursory arguments illustrate that prejudice requires transfer in this action.

First, defendant argues that the juror pool in the District of Columbia would be "heavily populated by federal government employees with biases towards government and its interests" and "livelihoods that are dependent on government income." ECF No. 23 ¶ 10. But he provides no affidavits, no statistics, or no other evidence that the juror pool in the District of Columbia would be heavily populated by federal employees. Nor does defendant provide any case law to support the notion that merely working for the federal government would bias jurors against all criminal defendants. Nor can defendant point to any other January 6 action that has been transferred due to alleged juror pool bias. As the government points out, "[u]sing the defendant's logic, all service members, medical personnel at Veterans Affairs hospitals, and postal workers would be disqualified from serving on a D.C. jury for any criminal case due to bias." ECF No. 24 at 4. Because the burden is on the defendant to prove prejudice, *Edelin*, 76 F. Supp. 2d at 3, this argument fails.

Second, defendant makes an argument his FPD is "relatively inexperienced" and that a court-appointed attorney's "zealousness . . . would be subject to question." ECF No. 23 ¶ 10. But,

6

again, defendant provides no case law or evidence to support the notion that using CJA-appointed counsel prejudices defendant in any way. And whatever issues defendant had with his FPD's experience are no longer relevant to this motion, because that specific FPD moved to withdraw. ECF No. 29. Accordingly, defendant has failed to fulfill his burden of proving prejudice under Rule 21(a) and this Court will deny his motion to transfer.

### III. CONCLUSION

For the foregoing reasons, defendant's motion to transfer venue is hereby **DENIED**. Because Stephen Yagman only moved to appear for purposes of this motion, his motion to be appointed *pro hac vice* is **GRANTED IN PART** and **DENIED IN PART**.

**IT IS SO ORDERED.**

Date: January 24, 2022

_____
Hon. Royce C. Lamberth
United States District Judge