UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Crim. No. 21-CR-503 (RCL) |
| | : | |
| GLENN ALLEN BROOKS, | : | |
| | : | |
| Defendant. | : | |

GOVERNMENT'S RESPONSE TO DEFENDANT'S
MOTION TO MODIFY CONDITIONS OF RELEASE

The United States of America by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this Response to Defendant Glenn Allen Brooks' ("Brooks") Motion to Modify Conditions of Release, ECF No. 41. In August 2021, this Court made an individualized assessment of the need to impose a firearms restriction as part of Brooks' conditions of release. ECF No. 10. The defendant now seeks to amend his conditions of release by removing this restriction, but he does not point to any changes that would warrant a reversal of the Court's earlier assessment. For this reason, and the additional reasons set forth below, the government opposes removing this condition of release.

## BACKGROUND

On January 6, 2021, thousands of rioters took part in an attack on the U.S. Capitol in an effort to stop the certification of the results of the 2020 presidential election. These rioters forced their way into the U.S. Capitol building, requiring elected officials and their staff to flee or shelter in place and injuring many law enforcement officers.

Brooks participated in this attack on the Capitol. On January 6, 2021, at approximately 3:13 p.m., Brooks entered the U.S. Capitol by climbing through a broken window near the Senate

Wing Door. One inside, Brooks took photographs, including a photograph of himself, using his cellphone. Brooks exited the building at approximately 3:30 p.m.

In addition, in text messages sent in the days after January 6, the defendant referenced a "civil war" and being on the "2nd Amendment side with guns and tactics." Specifically, in a text message sent on January 9, 2021, the defendant wrote, "Civil war was an imminant (sic) threat as I flew DFW to SNA yesterday. I'll copy you on text from VA sister who has intel sources. I read this text 1/2 way to SNA." The next text, seemingly quoting the text sent from the "VA sister" provides, "2. Trump was flown to Texas….. we heard that in DC, I thought for security reasons. Meeting with top Generals as to which ACE card to play, he has at least 4. He will use EBS (emergency broadcast system) to communicate with the people, bypassing MSM. They were testing it while we were in DC with the curfew notice. Michael's son hooked me up with a military air traffic site snapshot, confirms # of military aircraft in the air at that time." About five minutes later, the defendant text the same individual, "A civil war in US properly viewed not as Dem vs. GOP, not liberal vs. Conserv – but imho good vs. Evil. Truth vs. What we have & this stolen election was having fight forced upon us (sic)." Two minutes after that, the defendant, still discussing the possibility of civil war, text the same individual, "We would rollover any enemy cacing (sic) patriots. Not only do we have moral high ground, but we are tougher and more tenacious if you wake us from the slumber…oh yeah we are the 2nd Amendment side with guns and tactics."

Due to his participation in the riot, the defendant was charged by criminal complaint on July 27, 2021, and arrested on July 29, 2021. ECF Nos. 1, 5. The government executed a search warrant at the time of arrest, and, among other items, seized the defendant's phone and certain clothes that Brooks wore on January 6.

On July 29, 2021, the defendant had an initial appearance in the Central District of California. The Central District of California set conditions of release, including that Brooks may "not possess any firearms, ammunition, destructive devices, or other dangerous weapons." On August 3, 2021, the government filed a criminal information, charging Brooks with knowingly entering or remaining in a restricted building or grounds without lawful authority, in violation of 18 U.S.C. § 1752(a)(1); disorderly and disruptive conduct in a restricted building or grounds, in violation of 18 U.S.C. §1752(a)(2); disorderly conduct in a Capitol building or grounds, in violation of 40 U.S.C. § 5104(e)(2)(D); and parading, demonstrating, or picketing in a Capitol building, in violation of 40 U.S.C. § 5104(e)(2)(G).

The defendant did not have an initial appearance in Washington, D.C. Instead, this Court held an arraignment on August 31, 2021, and set conditions of release at that time. As part of the conditions of release, this Court ordered the defendant to "not possess a firearm, destructive device, or other weapon." *See* ECF No. 10. The defendant did not contest this provision during the hearing.

On February 15, 2022, the defendant filed the instant motion, in which the defendant argues that the firearms restriction is not reasonable or justified. ECF No. 41. The defendant argues that he is charged with nonviolent misdemeanors and, thus, that the prohibition is not warranted. *Id*. at 4. But, contrary to defendant's argument and for the reasons set forth below, the firearms restriction currently imposed is the least restrictive condition that will assure the safety of the community, and, thus, the Court should deny Brooks' motion.

**ARGUMENT**

I.      **Applicable Authority.**

Under the Bail Reform Act, 18 U.S.C. § 3142(b), if a judicial officer determines that release under two standard conditions (not committing federal, state, or local crimes while on pretrial release and cooperating in the collection of DNA) "will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community," the judicial officer may impose additional conditions. 18 U.S.C. §§ 3142(b), (c)(1)(B). In that event, the judicial officer shall release the defendant "subject to the least restrictive further condition, or combination of conditions" that "will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(c)(1)(B). These conditions may include prohibiting the defendant "from possessing a firearm, destructive device, or other dangerous weapon." 18 U.S.C. § 3142(c)(1)(B)(viii).

To determine the appropriate conditions of release, the judicial officer considers (1) "the nature and circumstances of the offense charged;" (2) "the weight of the evidence;" (3) "the history and characteristics" of the defendant; and (4) "the nature and seriousness of the danger to any person or the community that would be posed by the [defendant's] release." 18 U.S.C. § 3142(g). The judicial officer may amend a release order "at any time." 18 U.S.C. § 3142(c)(3).

II.     **The Court Should Not Modify Brooks' Release Conditions.**

The factors set forth in 18 U.S.C. § 3142(g) establish that the prohibition barring Brooks from possessing a firearm during pretrial release is not unduly restrictive. Regarding the nature and circumstances of the offense charged, the events of January 6, 2021 are unprecedented. The "attack on the Capitol that day was an attack on the . . . very rule of law in our country." *United States v. Devlyn Thompson*, 21-cr-00461 (RCL), Tr. at 39. The attack resulted in significant

injuries to law enforcement officers who were protecting the Capitol and members of Congress from the mob. Brooks' individual actions on January 6, 2021, also warrant the ban on firearm possession while on pretrial release.

Brooks participated in this attack on the Capitol on January 6, 2021. Although he was surrounded by destruction at the U.S. Capitol, he willingly joined the fray. At approximately 3:13 p.m., Brooks entered the U.S. Capitol by climbing through a broken window near the Senate Wing Door. One inside, Brooks took photographs, including a photograph of himself, using his cellphone. Brooks exited the building at approximately 3:30 p.m.

While the defendant is charged with misdemeanors, his conduct on January 6, like the conduct of scores of other defendants, took place in the context of a large and violent riot that relied on numbers to overwhelm law enforcement, breach the Capitol, and disrupt the proceedings. But for his actions alongside so many others, the riot would have failed.

In addition, the defendant referenced a "civil war" after January 6 and spoke of his being the side of "guns and tactics." Specifically, on January 9, 2021, discussing the possibility of civil war, the defendant text an individual, "We would rollover any enemy cacing (sic) patriots. Not only do we have moral high ground, but we are tougher and more tenacious if you wake us from the slumber…oh yeah we are the 2nd Amendment side with guns and tactics."

Likewise, the weight of the evidence is overwhelming. The government has extensive video evidence showing Brooks inside the U.S. Capitol building on January 6, 2021. In addition, after January 6, 2021, Brooks bragged to several third parties via text message about entering the U.S. Capitol, and, after the riot, he sent photographs of himself inside the U.S. Capitol to multiple individuals.

Regarding the remaining two factors—Brooks' history and characteristics and the nature and seriousness of the danger to any person or the community, Brooks has no criminal history, but the safety of Pretrial Services officers will be jeopardized if the defendant is allowed to possess firearms. Brooks is being courtesy supervised by the Pretrial Services Agency for the Central District of California, where Pretrial Services officers conduct home visits. Prohibiting Brooks from possessing firearms ensures the safety of these Pretrial Services officers. *See United State v. Green*, No. 3:18-CR-356, 2019 WL 6529446, at *3 (N.D. Tex. Dec. 4, 2019) (in a tax fraud cause, denying motion to modify conditions of release because "[e]ven if Defendant is not charged with a crime of violence and has no history of violence . . . Defendant's possession of firearms endangers officers of the Pretrial Services who may make unannounced visits to ensure that Defendant is complying with the conditions of his release."). Notably, the Pretrial Services Agency for the District of Columbia has notified the U.S. Attorney's Office that they also oppose the defendant's request to modify his conditions of release to remove the firearms restriction.

Finally, Brooks has failed to provide a reason for needing a firearm. His employment does not require him to possess a firearm, and he has made no argument regarding self-defense or even recreation.

## CONCLUSION

At the time of Brooks' arraignment, this Court made an individualized assessment of the need for imposing the additional conditions and informed Brooks of those additional conditions. *See* 18 U.S.C. § 3142(h). Nothing has changed to warrant the Court reversing itself and lifting this condition of release.

WHEREFORE, for the above-stated reasons, the Court should deny Brooks' Motion to Modify Condition of Release.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By:    _____

LAURA E. HILL
Trial Attorney, Detailee
NV Bar No. 13894
175 N Street, NE, 9th Floor
Washington, D.C. 20002
Laura.E.Hill@usdoj.gov
(202) 598-3962