UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>GLENN ALLEN BROOKS,<br><br>    *Defendant.* | Case No. 1:21-cr-503-RCL |

## MEMORANDUM ORDER

    Defendant Glenn Allen Brooks is charged with multiple misdemeanors in connection with his actions on January 6, 2021, at the United States Capitol. Brooks has been released pending trial. As a condition of his release, Brooks is unable to possess a firearm. Brooks now moves [41] to modify his conditions of release and remove the firearm restriction. The government opposes [42] this motion and argues that the firearm restriction is necessary to ensure the safety of the community. Brooks replied [45], and the motion is now ripe for review. The Court agrees with the government that the firearm restriction is necessary, and that Brooks has pointed to no change in circumstances that warrants removing the firearm restriction. Accordingly, the Court **DENIES** Brooks' motion.

    The Bail Reform Act provides that a judicial officer may impose conditions of release if the two standard conditions—(1) not committing crimes while on pretrial release and (2) cooperating with DNA collection—are insufficient to "reasonably assure the appearance of the person as required" or ensure "the safety of any other person or the community." 18 U.S.C. § 3142(b), (c)(1)(B). Any additional conditions imposed must be "the least restrictive further conditions" to ensure the appearance of the defendant and the safety of the community. *Id.* § 3142(c)(1)(B). A firearm restriction is one of these permissible restrictions. *Id.*

A judicial officer has the authority to amend a release order by adding or altering conditions at any time. *Id.* § 3142(c)(3). When determining the appropriate conditions of release, the officer considers the familiar factors in § 3142(g): the nature and circumstances of the offense charged, the weight of evidence against the defendant, the history and characteristics of the defendant, and the nature and seriousness of danger to any person in the community. *Id.* § 3142(g).

Brooks argues that "[n]one of the charges allege acts of violence by the defendant" and that "[n]othing in the discovery provided to date contains any indicia of violence by the defendant." ECF No. 41 at 1. But just a few days after the events of January 6, 2021, he discussed "[a] civil war in [the] US" and texted that "we are the 2nd Amendment side with guns and tactics." ECF No. 42 at 2. Brooks declared that "[w]e would rollover any enemy cacing [sic] patriot." *Id.* These texts Brooks sent certainly contain an "indicia of violence."

Brooks also argues that even if he was convicted of his pending charges, the "defendant would still retain the right to possess firearms." ECF No. 41 at 2. But that factor has no bearing on whether a firearm restriction is one of the "least restrictive further conditions" to ensure the safety of the community.

Finally, Brooks argues that he "requires a firearm for personal protection" to ward off robbery, both in his job as a general contractor and in his humanitarian work in Haiti. ECF No. 45 at 1. This Court first notes that Brooks does not need a gun to work as a general contractor, and the general use of a gun to "ward off robbery" is insufficient to overcome the need to protect the community from Brooks' discussed "civil war." Second, it is puzzling that Brooks would cite his work in Haiti—which this Court has repeatedly allowed Brooks to visit while on pretrial release—as an excuse to lift *other* conditions of release. If Brooks needs a firearm to visit Haiti, he is

welcome to simply not visit Haiti. This Court will not lift other conditions of his release to facilitate his international travel while out on pretrial release.

This Court has granted Brooks considerably leeway in his conditions of release. Given the overwhelming evidence against him, including video evidence, and text messages in which he discussed using firearms in a "civil war," this Court sees no reason to amend Brooks' conditions of release to allow the possession of firearms. Brooks' motion is hereby **DENIED**.

**IT IS SO ORDERED.**

Date: 4/5/22

Royce C. Lamberth
United States District Judge