**From:** Glenn Brooks
**Sent:** Wednesday, April 5, 2023 8:59 AM
**To:**
**Subject:** Pro per motion pleading without effective counsel CR21:00504:rcl

*[Handwritten note: Let this be filed on the date submitted. Cy to both US + appt'd counsel prior to hearing. Royce C. Lamberth, U.S.DJ 4/11/23]*

CAUTION - EXTERNAL:

Greetings _____:
Please excuse my forwardness to send this directly to you, but my counsel Mr. Silver is unwilling to raise my declared defense and Judge Lamberth has attempted to help the government pay attention to the case in which allegations are against me, namely CR21:00504:rcl.

**Motion A:** redress of a defective answer to Stephen Yagman's Q4 2021 counter-response
Around November 2021 a few months after the allegations were made by the DOJ. Stephen Yagman, a California-only attorney filed a CHANGE OF VENUE motion asking to move my case to California. The government argued against Mr. Yagman's motion with factors of SCOTUS decisions. Mr. Yagman filed an effective counter-response to the government's position and very little was available to the government to answer Mr. Yagman's counter-response claims so the government ignored most of the claims. How that got so little attention is the substance of grounds for review in my opinion and I am now making a demand for review.

**Motion B:** NEW grounds for CHANGE OF VENUE to San Antonio Texas where Judge Lamberth can more easily operate
The government has provided three competent attorneys, 1 from Santa Ana California, where I resided at the time of the DOJ allegation(s). Two such attorney's have been assigned from the DC CJA office, upon noticing that I refuse to have "material" aspects of my matter heard by ZOOM. It is important for me to best observe the Judge and I intend to better allow Judge Lamberth to observe me.
These 3 competent CJA attorneys have failed to raise to my defense and have been dismissed. December 5th, 2022, Judge Lamberth said he would inquire about helping me secure satisfactory representation by calling the person in charge of that, upon learning that Mr. Silver was not going to defend me.

AJ Kramer handles the appointment of DC CJA counsel. He and I have spoken several times. He is at a loss to help me find effective representation to vigorously and articulately present my defense which he somewhat understands. For my counsel to understand the peaks and valleys of my defense, the nuances, and truths unique to me and such circumstances of how my defense offers relief in the allegations made by the DOJ, a certain *alertness* is required. This alertness is not a matter of legal announcement but a personal matter of *being*. For me to obtain the effective representation I am guaranteed, my attorney must be able to tailor her/his actions according to what she/he notices with this alertness and impact the jury accordingly.

I have been reaching out to attorneys in DC and numerous places other than DC (10 attorneys) who indeed have this alertness. It seems the jury pool is so disturbed by the January 6th incident, that these "specially alert" attorneys are unwilling to consider taking my case pro bono with no chance of a fair and unbiased jury. I have been told the cost to defend my four alleged misdemeanors is between $100,000 and $140,000 by attorneys who would represent me, but I cannot afford to hire them. Only Santa Ana California based Ken Jullian has this special alertness and is willing to take the case pro bono, but his firm is politically opposed to the DOJ allegations against me and requires $100,000 up front.

Therefore, a CHANGE OF VENUE to San Antonio will be away from the DC jury controversy and enable *specially alert* counsel to better consider defending my unique defense with their special grasp of some issues and respond to inputs gained by that alertness. This is the best chance of reaching into a pool of attorneys, both private pro-bono and government provided CJA counsel that have a greater propensity of this alertness quality.

I am allowing tomorrow's appearance to be conducted by ZOOM because of the cost to arrive in Judge Lamberth's courtroom to accomplish nothing of value without effective counsel equipped to advise me on the value of the government's offer of a plea agreement, or conversely, move this matter onto the trial docket.

I would ask the court to consider this having a more special compassion for my motion as the status conference stage has been rescheduled about 10 times most often for ineffective counsel or other governmental issues. The hardship of this DOJ proceeding has been wearisome, costly, and punishing. I persevere for my day in court to clear my name with acquittal before a fair jury of my peers. The merits of these motions have sufficient standing. Namely, a DC jury and DC CJA counsel means I will not obtain a fair trial with effective counsel.

If the court does not find sufficient standing on the merits of these motions, it is asked that at least the pretrial services condition be completely eliminated with prejudice. I have proven myself above concern and objection in the last 21 months, and the objective of obtaining effective counsel may continue to take years. It should be noted that the only one trying to move the matter forward effectively and in an upright fashion is myself. Government seems helpless to provide effective counsel for a defense under existing practical constraints of MOTION B and the merits of MOTION A are also compelling and remain unanswered by the government.

This government is failing an innocent man and I demand an answer.

I have the honor to remain,

Glenn Brooks MBA president
Green Jobs for Haiti 501c3

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.