UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| United States of America ) | |
| ) | |
| v. ) | USDC No. 21-cr-503 (RCL) |
| Glenn Allen Brooks, *defendant*. ) | |

MOTION TO WITHDRAW AS COUNSEL

Undersigned counsel Nathan I. Silver, II, Esq. ("counsel"), appointed by this Court under the Criminal Justice Act, respectfully moves the Court to permit him to withdraw from further representation of the defendant.

An irreparable breach has developed in the relationship between the defendant and counsel. An extensive email exchange regarding the preparation for and handling of the defendant's trial has exposed the breach. It is clear that, despite counsel's efforts to explain the reasoning behind counsel's approach, the defendant has lost confidence in counsel's dedication to his case, and worse, believes counsel is acting more like a prosecutor, not a defense lawyer. Much of the discord concerns a fundamental disagreement on what is, and is not, evidence both relevant to the case and admissible at trial.

The defendant also believes mistakenly that a statement by counsel, revealing to the defendant a conflict of interest, proves the counsel is compromised, thus favoring the government over the defendant. This fundamental misunderstanding undermines the defendant's confidence in counsel as an effective, dedicated advocate.[1]

---

[1] The defendant raised this with the Court at a previous status or ascertainment of counsel hearing, at which counsel admitted making the statement but offered its context. The Court dismissed the defendant's contention that this revealed a conflict of interest on counsel's part.

This Court, at a previous ascertainment of counsel hearing, informed the defendant that it was not prepared to appoint a third counsel, at government expense, to represent the defendant.[2]  The Court gave the defendant the option of representing himself but remonstrated with him about how unwise that might prove to be.  The Court cited examples, to illustrate his cautioning, of defendants who had taken that path.  The defendant decided not to represent himself nor to persist in his request for appointment of new counsel.  Counsel, for his part, pledged to work with the defendant, making his best efforts to represent him.  Counsel believes that he has done so throughout the entire period of his representation, and further, that the defendant's continuing expressions of dissatisfaction have not impaired counsel's performance.

These efforts have not succeeded and there is now an irreparable breach between client and counsel.  In the circumstances, counsel moves the Court to permit him to withdraw from further representation of the defendant.

A proposed Order is attached.

WHEREFORE, the defendant moves the Court to grant said relief.

Respectfully submitted,

/s/

NATHAN I. SILVER, II
Unified Bar #944314
6300 Orchid Drive
Bethesda, MD 20817
(301) 229-0189 (direct)
(301) 229-3625 (fax)
 email: nisquire@aol.com

---

[2] Counsel succeeded Joseph Conte, Esq., also serving under the Criminal Justice Act.  Defendant also had court-appointed counsel in the Rule 5 hearing in California before the defendant made his first appearance in the District of Columbia.

CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that a copy of the foregoing pleading has been served via ECF on Jos. Hutton Marshall, Esq., and Raymond Woo, Esq., U.S. Dept. of Justice - USAO, this 21st day of September, 2023, and on the defendant at his personal email address.

                                            /s/
                              _____
                               *Nathan I. Silver, II*