IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,   ) | |
| ) | |
| Plaintiff,   ) | |
| v.   ) | |
| ) | Criminal No. 21-503 (RCL) |
| GLENN ALLEN BROOKS,   ) | |
| ) | |
| Defendant.   ) | |
| _____   ) | |

## MOTION FOR RETURN OF RESTITUTION, FINES, AND FEES

Defendant Glenn Allen Brooks, through undersigned counsel, respectfully moves this Court for an Order directing the government to return all fines, fees, and restitution payments Mr. Brooks has made in this case. Assistant United States Attorney Jennifer Blackwell has indicated that the government does not oppose this motion. In support of this motion, Mr. Brooks submits the following.

### BACKGROUND

On August 3, 2021, the government filed an information against Mr. Brooks charging him with entering and remaining in a restricted building or grounds in violation of 18 U.S.C. § 1752(a)(1); disorderly and disruptive conduct in a restricted building or grounds in violation of 18 U.S.C. § 1752(a)(2); disorderly and disruptive conduct in a Capitol building or its grounds in violation of 40 U.S.C. § 5104(e)(2)(D); and parading, demonstrating, or picketing in a Capitol building in violation of 40 U.S.C. § 5104(e)(2)(G). Mr. Brooks invoked his right to a jury trial under the Sixth Amendment.

On May 10, 2024, the jury rendered a verdict of guilty on each count of the information. On September 13, 2024, this Court sentenced Mr. Brooks to six months' concurrent imprisonment on each count of conviction, restitution of $500, a fine of $2,000, two special assessments of $50, and two special assessments of $25. Mr. Brooks noted a timely appeal.

On September 13 ,2024, Mr. Brooks began serving his sentence. He also paid to the Clerk of the Court $500 in restitution, $150 in special assessments, and $350 of the $2,000 fine, for a total payment of $1,000.

On January 20, 2025, while Mr. Brooks was still serving his sentence and his appeal was pending, President Donald J. Trump issued a Proclamation "Granting Pardons and Commutations of Sentences for Certain Offenses Relating to the Events at or Near the United States Capitol on January 6, 2021." Mr. Brooks was thereby pardoned and immediately released from imprisonment. Consistent with the President's Proclamation and pursuant to Federal Rule of Criminal Procedure 48(a), on February 3, 2025, the government moved to vacate Mr. Brooks's convictions and remand his case to the district court for dismissal with prejudice.

On March 24, 2025, the Court of Appeals vacated Mr. Brooks's convictions and remanded his case to this Court for dismissal as moot.  On March 26, 2025, this Court followed the mandate to dismiss Mr. Brooks's case as moot.

## ARGUMENT

The Court of Appeals order vacating Mr. Brooks's convictions and remanding his case for dismissal requires the government to refund all restitution, fines, and special assessments Mr. Brooks previously paid.

"When a criminal conviction is invalidated by a reviewing court and no retrial will occur, . . . the State [is] obliged to refund fees, court costs, and restitution exacted from the defendant upon, and as a consequence of, the conviction[.]" *Nelson v. Colorado,* 581 U.S. 128, 130 (2017). *Nelson* involved two criminal defendants who sought to recover the costs, fees and restitution that had been imposed as part of their original criminal convictions. *Id*. at 131. Both convictions were reversed on appeal, one defendant was acquitted on retrial, and the state declined to retry the other defendant. *Id*. The Supreme Court ruled that, as a matter of due process, "once [the defendants'] convictions were erased, the presumption of their innocence was restored," and the state "may not presume a person, adjudged guilty of no crime, nonetheless guilty *enough* for monetary exactions," including costs, fees, and restitution. *Id*. at 135-36 (emphasis in original). Moreover, because such defendants "are entitled to be presumed innocent," they "should not be saddled with any proof burden" to get their money back. *Id*. at 137.

Under *Nelson*, so long as 1) a reviewing court has invalidated a defendant's convictions, and 2) no retrial will occur, that defendant is entitled to a refund of restitution, fines, and fees without any further showing. *Id*. at 130.

3

Both criteria are met here. First, the Court of Appeals "invalidated" Mr. Brooks's convictions when it granted the government's motion to vacate them and remanded this case for dismissal. *See United States v. Brooks*, Appeal No. 24-3123, Doc. No. 2107283 (Order); *see also United States v. Schaffer*, 240 F.3d 35 (D.C. Cir. 2001) (where "the appeals process was terminated prematurely," "[f]inal judgment [was] never . . . reached on" defendant's convictions and they are no longer "established as a matter of law.").

Second, by moving for vacatur of Mr. Brooks's convictions and dismissal with prejudice, the government has made clear that it will not seek retrial. *See United States v. Brooks*, Appeal No. 24-3123 Doc. No. 2095550 (Appellee's Motion to Vacate Convictions and Remand for Dismissal). Moreover, this Court, in effect, has granted the government's motion by dismissing Mr. Brooks's case as moot. And in any event, the presidential pardon of Mr. Brooks would prohibit retrial. *See United States v. Scott,* 437 U.S. 82, 87 (1978) (recognizing constitutional prohibition against double jeopardy originates "in the three common-law pleas of *autrefois acquit, autrefois convict,* and pardon," which "prevent[] the retrial of a person who had previously been acquitted, convicted, or pardoned for the same offense.").

Thus, because there is no valid conviction in this matter, there is no authority for denying the return of restitution, fines, and special assessments Mr. Brooks previously paid. *See, e.g.*, *United States v. Libous*, 858 F.3d 64, 69 (2d Cir. 2017) ("If Libous's conviction is to be vacated and his indictment dismissed, as our precedents

4

require, then his estate is entitled to the return of the fine."); *United States v. Ajrawat*, 738 F. App'x 136, 139 (4th Cir. 2018) ("When the underlying conviction is invalidated—regardless of the reason—there is no longer any basis justifying the government's retaining funds exacted only as a result of that conviction.")

For these reasons, and any others that may be apparent to the Court, Mr. Brooks requests that the Court order the government and/or the Clerk of Court to refund his payments of $500 in restitution, $350 in fines, and $150 in special assessments, totaling $1,000.

                              Respectfully submitted,

                              A. J. KRAMER
                              FEDERAL PUBLIC DEFENDER

                                  /s/
                              _____

                              TONY AXAM, JR.
                              Assistant Federal Public Defender
                              625 Indiana Avenue, N.W., Suite 550
                              Washington, D.C.  20004
                              (202) 208-7500
                              tony_axam@fd.org